# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| TECH 21 LICENSING LIMITED, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>DORIA INTERNATIONAL, INC.,<br><br>Defendant. | Case No.  16-cv-07144-BLF<br><br>**ORDER GRANTING MOTION TO SEAL** |

Before the Court is Plaintiffs Tech 21 UK Limited and Tech 21 Licensing Limited's unopposed administrative motion to file under seal the Settlement Agreement under seal.  ECF 14. For the reasons stated below, the motion is GRANTED.

## I.   LEGAL STANDARD

There is a "strong presumption in favor of access" to judicial records.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  A party seeking to seal judicial records bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure."  *Id.* at 1178-79.  Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Kamakana*, 447 F.3d at 1179.  Ultimately, "[w]]hat constitutes a 'compelling reason' is

1   'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety v. Chrslyer Grp., LLC*,
2   809 F.3d 1092, 1097 (9th Cir. 2016).

3   "Despite this strong preference for public access, [the Ninth Circuit has] carved out an
4   exception," *id*. at 1097, for judicial records attached to motions that are "tangentially related to the
5   merits of a case," *id*. at 1101. Parties moving to seal such records need only make a
6   "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure
7   26(c). *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138).

8   In this District, parties seeking to seal judicial records must furthermore follow Civil Local
9   Rule 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing
10  *only* of sealable material." Civil L.R. 79-5(b) (emphasis added). Where the submitting party
11  seeks to file under seal a document designated confidential by another party, the burden of
12  articulating compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e).

13  **II.   DISCUSSION**

14  The Court has reviewed Plaintiffs' sealing motion and declaration of Vijay Toke in support
15  thereof. According to the declaration, the Settlement Agreement should be sealed because it
16  contains confidential information, such as business plans and sensitive settlement terms, disclosure
17  of which to competitors or customers would be harmful to the parties' business interests. ECF 14-
18  1 ¶ 3.

19  Courts have granted protective orders to protect confidential settlement agreements.
20  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). In
21  determining whether a confidential settlement agreement should be sealed, the Court will apply
22  the "good cause" standard. *Id.* at 1210. "For good cause to exist, the party seeking protection
23  bears the burden of showing specific prejudice or harm will result if no protective order is
24  granted." *Id.* at 1210-11. The Court finds that Plaintiffs have articulated sufficient reasons for
25  sealing the Settlement Agreement. Because the Settlement Agreement contains confidential
26  business information that could be used to the companies' competitive advantage, they are
27  appropriately sealable under the "good cause" standard.

28

### III. ORDER

For the foregoing reasons, the sealing motion at ECF 14 is GRANTED and the Settlement Agreement, Exhibit A to the instant motion, may be filed under seal. ECF 14-3; ECF 15-1.

Dated: March 14, 2017

_____
BETH LABSON FREEMAN
United States District Judge

3